*In re* IVÁN L. PAGÁN, querellado.

*Número:* O-83-825    *Resuelto:* 31 de enero de 1985

*Roberto Schmidt Monge, Procurador General; Iván L. Pagán, pro se.*

I

PER CURIAM: La Oficina del Procurador General imputó al Lic. Iván L. Pagán haber actuado en "forma antiética y en abierta violación al Canon 9 de los de Ética Profesional por sus actuaciones en relación al Hon. Juez Ramírez (cuando

ante él se litigaba el caso 80-1397 de *Pagán, etc.* v. *Luquillo Panoramic[al] Development, Inc.*) imputando parcialidad y perjuicio [*sic*] a dicho magistrado así como también haciendo otras alegaciones difamatorias en relación al desempeño de dicho magistrado en el citado caso, por el mero hecho de aquél tomar una decisión judicial con la cual no estuvo de acuerdo".

Designamos al ex Juez Superior, Lic. José M. Aponte Jiménez, Comisionado Especial, con la encomienda de que recibiera la prueba y nos rindiera un informe. Dicha prueba fue de carácter documental. Tenemos el beneficio del informe y los comentarios de las partes.

En lo pertinente, el Comisionado ha concluido, con apoyo en la prueba:

8. El 30 de junio de 1982 el querellado, por derecho propio y en representación de los demás demandantes del referido caso 80-1397, presentó en el tribunal de instancia una moción titulada *"Moción Emplazamiento Edictos"* por la cual solicitó se ordenase el emplazamiento por edicto del Lic. José G. Izquierdo ya que éste se "oculta para no ser emplazado". Acompañó con la moción una declaración jurada suscrita por el emplazador donde éste hace constar que habló personalmente con el Lic. José G. Izquierdo, quien cotejó los "papeles", refiriéndose a la demanda y el emplazamiento, negándose a recibir los mismos. Señala además el emplazador en la declaración jurada que, con dicha conducta el Lic. José G. Izquierdo se oculta para no ser emplazado.

9. Por orden emitida en 12 de julio de 1982 suscrita por el Honorable Juez Angel D. Ramírez Ramírez del Tribunal Superior, Sala de Carolina, se declara sin lugar la moción solicitando se ordene el emplazamiento del Lic. José G. Izquierdo mediante la publicación de edicto. En ese sentido y en relación a la petición del querellado y la declaración jurada prestada por el emplazador se expresa el magistrado de la manera siguiente: *"Es increíble lo indicado por el declarante a los efectos de que se fue sin diligenciar el emplazamiento por que [sic] el Sr. José G. Izquierdo no quiso aceptar la demanda y el emplazamiento. Deberá ser emplazada dicha parte personalmente."* [(Énfasis nuestro.)]

10. Como resultado de la resolución emitida por el Honorable Juez Ramírez Ramírez declarando sin lugar la moción solicitando se ordenase el emplazamiento del Lic. José G. Izquierdo por edicto, el querellado presentó una moción al tribunal de instancia recusando al Juez Ramírez Ramírez al amparo de la Regla 63.1 de las de Procedimiento Civil alegando prejuicio y parcialidad del magistrado.

11. En la vista sobre la inhibición o recusación del Juez Ramírez Ramírez, presidida por el Juez Juan A. Arill Miranda, el querellado, al ser requerido por el Juez Arill Miranda para que señalara los motivos por los cuales el Juez Ramírez Ramírez se debe inhibir del caso, manifiesta lo siguiente refiriéndose al Juez Ramírez Ramírez: *". . . cuando se descorre el velo corporativo y el magistrado que nos ocupa se entera que hay unas ciertas personas en el caso y entonces, empieza a resolver en contra."* [(Énfasis nuestro.)] Advertido por el Juez Arill Miranda sobre la seriedad de las imputaciones, el querellado, refiriéndose a la resolución decretando el embargo preventivo de una propiedad de la demandada Luquillo Panoramical Development Inc. emitida por el Juez Alicea López y dejada sin efecto por el Juez Ramírez Ramírez a petición de la parte demandada, se ratifica en lo siguiente: *"Lo que he dicho, Vuestro Honor, que una vez descorrido el velo corporativo, es que ocurre el cambio de resolución. En eso es lo que le estoy informando a Vuestro Honor. Una vez se descorre el velo corporativo y surgen unos nombres, es que se deja sin efecto una resolución que ya es final y firme del Juez Alicea."* [(Énfasis nuestro.)]

12. Requerido por el Juez Arill Miranda para que sustente sus expresiones formuladas en contra del Juez Ramírez Ramírez, el querellado alude a la resolución que fuera emitida por el referido juez dejando sin efecto la orden decretando el embargo preventivo dictada por el Juez Alicea López. Señala además que: *". . . y todo lo que solicitamos lo declararon con lugar hasta tanto, en cuanto se enteró de que hay dos socios."* [(Énfasis nuestro.)] Preguntado por el Juez Arill Miranda sobre quiénes eran los dos socios afirma lo siguiente el querellado: *"El Lic. José G. Pincho Izquierdo y el doctor José Pérez Arzola."* [(Énfasis nuestro.)] Continúa expresando el querellado lo siguiente, al referirse a la resolución del Juez Ramírez Ramírez declarando sin lugar la moción so-

licitando el emplazamiento del Lic. Izquierdo por edicto: *". . . y cuando recibo eso y habló de mi emplazador, increíble, una persona honesta que yo no la traje hoy porque estaba enferma con monga, poniéndola en tela de juicio, encubriendo una persona que se niega [a] recibir un emplazamiento y lo resaca".* [(Énfasis nuestro.)]

13. Al declararse sin lugar la moción de recusación el querellado presenta un escrito titulado *"Moción Informativa"* y formula la siguiente expresión, refiriéndose al Juez Ramírez Ramírez: "Lo más correcto en derecho es que magistrado se inhiba, no sólo a solicitud de parte, sino motus propio, [*sic*] de un caso donde jamás puede hacer justicia, ya sea porque tiene algún interés directo o indirecto en el mismo o no tiene la capacidad para entender el derecho." Al escolio uno (1) de dicha moción señala el querellado que: "Me dice un compañero de Humacao que Humacao está pagando la novatada", refiriéndose al Juez Ramírez Ramírez quien según menciona en la misma moción ha sido reasignado a Humacao.

De la prueba documental estipulada por las partes y admitida por el Comisionado suscribiente *no surgen elementos de prueba, fuera de las manifestaciones del querellado hechas durante la vista de recusación del Juez Ramírez Ramírez, que sostengan las imputaciones formuladas por éste en contra del Juez Ramírez Ramírez durante la vista de la moción de recusación, en adición a las señaladas por el propio querellado consistente en las resoluciones emitidas por el Juez Ramírez Ramírez dejando sin efecto la orden de embargo preventivo y declarando sin lugar la moción solicitando el emplazamiento por edicto al Lic. José G. Izquierdo respectivamente.* (Escolios omitidos y énfasis nuestro.)

Además, el Comisionado, a solicitud del querellado Pagán consignó la siguiente determinación:

El 21 de diciembre de 1983 el Juez del Tribunal Superior, Sala de Carolina, Sr. Ismael O'Neill Rosa, dictó sentencia sumaria parcial a favor de la parte demandante en el caso civil número 80-1397, Iván L. Pagán y otros contra Luquillo Panoramical Development Inc. y otros imponiendo responsabilidad a Luquillo Panoramical Development Inc. por haber incumplido su obligación contractual para con la parte de-

mandada [*sic*] consistente en dejar de instalar el servicio de agua potable en el proyecto Añoranzas de Cubuy.

La referida sentencia sumaria además, *confirma la orden de embargo y prohibición de enajenar que había dejado sin efecto el Juez Sr. Angel D. Ramírez Ramírez y por último impone responsabilidad personal a los otros demandados del caso, Dr. Miguel Pérez Arzola y Lic. José G. Izquierdo, accionistas de la referida Luquillo Panoramical Development Inc., extendiendo, sin embargo, el plazo para emplazar al Lic. José G. Izquierdo.* (Énfasis suplido.)

## II

La práctica de la abogacía exige hacia los tribunales constante respeto. Canon 9 del Código de Ética Profesional. Para reclamar derechos y solventar controversias no es menester lastimar la dignidad personal ni institucional de los *miembros* de la judicatura, como de ninguna otra persona. "La estatura moral e intelectual inherente al ejercicio de la abogacía impone un debate jurídico libre de personalismos y posiciones subjetivas que lo degraden a vulgar diatriba." *García Santiago* v. *Acosta*, 104 D.P.R. 321, 323 (1975). Las discrepancias con los dictámenes judiciales no es licencia para el lenguaje impropio e hiriente. "El comportamiento judicial que de alguna manera afecte los derechos de un . . . litigante puede llevarse al récord para la acción correctiva que proceda por un tribunal superior, a tenor con lo que deba ser un juicio imparcial y justo." *Pueblo* v. *Susoni*, 81 D.P.R. 124, 154 (1959). Razones de civilidad imponen esta sencilla norma.

El lenguaje escrito del querellado Pagán constituyó un ataque que trascendió los límites de lo forensemente permisible. De modo sutil y en ocasiones rayable en ofensas, puso en entredicho la honestidad y ecuanimidad del Juez Ramírez Ramírez. *Cordero* v. *Rivera*, 74 D.P.R. 586, 609 (1953).

Frente a dicha forma de postular el querellado Pagán justifica su proceder a base de que subsiguientemente otro magistrado, el Juez Hon. Ismael O'Neill Rosa, dejó sin efecto los

dictámenes del Juez Ramírez Ramírez y oportunamente emitió sentencia a favor de su causa.

■ Su postura es insostenible. La búsqueda de la justicia no justifica medios reprobables. Ello es un principio universal tan hondamente cimentado que no requiere elaboración. Por sincero que fuera el sentimiento del querellado Pagán en cuanto a los méritos de su causa e incorrección del magistrado Ramírez Ramírez, ello no le daba derecho a desafiar con lenguaje selectivamente hiriente el curso procesal normal. La administración de la justicia del país se vería sumergida en el peligroso mar de los personalismos de prosperar la tesis que nos propone.

Concluimos que el licenciado Pagán violó el Canon 9 de Ética Profesional. En consideración a esa falta grave y previo historial, *In re Pagán Hernández*, 105 D.P.R. 796 (1977), *procede que sea suspendido de la profesión por un término no menor de seis (6) meses. Transcurrido ese plazo deberá demostrarnos que es acreedor a la reinstalación.*

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Trías Monge no intervino.