EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>    Richard W. Markus | Queja<br><br>2003 TSPR 33<br><br>158 DPR _____ |

Número del Caso: AB-2001-1

Fecha: 6/marzo/2003

Oficina del Procurador General:
                        Lcda. Minnie H. Rodríguez López
                        Procuradora General Auxiliar

Abogado de la Parte Querellada:
                        Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re* Richard W. Markus

AB-2001-1

**Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBOLLO LÓPEZ**

San Juan, Puerto Rico, a 6 de marzo de 2003

El Tribunal de Circuito de Apelaciones, mediante sentencia mayoritaria emitida el 20 de octubre de 2000, revocó una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual el foro primario le había ordenado al señor Rubén Vélez Lebrón que produjera, y entregara, ciertos documentos que dos comisiones de la Cámara de Representantes de Puerto Rico le habían solicitado.[1]

Insatisfecha con la referida sentencia, la Cámara de Representantes, por conducto de su entonces representante legal, el Lcdo. Richard W.

---

[1] Caso Civil Núm. KJV00-00967.

Markus, radicó una moción de reconsideración en cuanto a la sentencia emitida. El foro apelativo intermedio, esta vez de forma unánime, resolvió denegar la moción de reconsideración por falta de jurisdicción y referir el asunto a este Tribunal por considerar que el "el lenguaje utilizado por el Lcdo. Markus [en la referida moción de reconsideración] e[ra] impropio, irrespetuoso y ofensivo a la dignidad de [ese] Tribunal".[2]

Referimos el asunto a la Oficina del Procurador General para la correspondiente investigación, informe y recomendación. El Procurador General rindió su informe. En el mismo expresa, en lo pertinente, que entiende que las expresiones vertidas por el Lcdo. Richard W. Markus, en la moción de reconsideración en controversia, constituyen una violación a las disposiciones del Canon 9 de los de Ética Profesional.[3]

Le concedimos término al Lcdo. Markus "para exponer su posición sobre el Informe del Procurador General." En su comparecencia éste aduce que, por los fundamentos que expresa y somete ante nuestra consideración, entiende que no violó el citado Canon 9 de Ética Profesional, razón por la cual solicita el archivo de la querella. Discrepamos. Veamos por qué.

I

---

[2] Ello en vista del hecho de que "el Tribunal de Circuito de Apelaciones no tiene facultades disciplinarias sobre la conducta de los abogados [y de que] dicha función corresponde exclusiva e inherentemente al Tribunal Supremo de Puerto Rico,...".

[3] 4 L.P.R.A., Ap. IX.

Una somera lectura de la moción de reconsideración radicada por el Lcdo. Markus ante el Tribunal de Circuito de Apelaciones es todo lo que se necesita para comprender y avalar la acción tomada por el tribunal apelativo intermedio. Esto es, ciertamente explica que los distinguidos Jueces que componían el panel de dicho foro hayan referido ante este Tribunal la mencionada moción de reconsideración. La misma, no hay duda, es una altamente irrespetuosa, impropia y ofensiva a la dignidad de ese foro judicial.

El citado Canon 9 de los de Ética Profesional establece:

> El abogado debe observar para con los Tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.
>
> El deber de respeto propio para con los Tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa. (Énfasis suplido.)

Dicho Canon, ciertamente, no le impone al abogado, en relación con sus expresiones y escritos, una mordaza previa. Éste tiene el derecho de hacer todos los planteamientos que entienda necesarios en defensa de los intereses de su cliente. Por otro lado, debe quedar claro

que consideramos que la crítica constructiva a la labor judicial es una que siempre es bienvenida y necesaria por cuanto la misma quizás constituye la "medicina" más eficaz y necesaria para mejorar la labor judicial que realizamos.

Ello no obstante, esas expresiones, escritos y críticas deben ser realizadas de manera correcta y respetuosa por parte de los abogados. Éstos nunca deben olvidar que tienen la obligación de mantener y promover la imagen de la justicia. Coll Moya v. Alcaide, Cárcel Municipal, 89 D.P.R. 225, 238 (1963). El abogado no cumple con esa obligación mediante la crítica injustificada y viciosa de las decisiones emitidas por los magistrados de este País. Como expresáramos en *In re* Cardona Álvarez, 116 D.P.R. 895, 906 (1986), el "abogado no tiene licencia absoluta en el uso del lenguaje para poner en entredicho o mancillar la dignidad de los jueces".

Los abogados deben mantener presente que "[l]a práctica de la abogacía exige hacia los tribunales constante respeto. . . . Para reclamar derechos y solventar controversias no es menester lastimar la dignidad personal ni institucional de los miembros de la judicatura, como de ninguna otra persona." *In re* Pagán, 116 D.P.R. 107, 111 (1985).

II

De una lectura general de la moción de reconsideración, aquí en controversia, radicada por el Lcdo. Richard W. Markus emana una actitud de

irrespetuosidad hacia el Tribunal de Circuito de Apelaciones que, realmente, resulta impresionante y alarmante. Por otro lado, una lectura un poco más detallada demuestra unas frases particulares, sumamente hirientes y ofensivas, que, naturalmente, lastiman la dignidad de los integrantes de ese foro apelativo intermedio.

Meramente, a manera de ejemplo, encontramos frases tales como: "La mayoría de dos jueces que dictó la sentencia en este caso reseña que lo resolvió en seis (6) días laborables. Sin ánimo de sonar irrespetuoso, el resultado así lo refleja";[4] "Es una sentencia leguleya";[5] "Que la opinión de la mayoría demuestra un grave desconocimiento de los hechos del caso era de esperar. Después de todo, este tribunal apelativo ha pretendido fungir como tribunal de instancia, pero sin pasar el trabajo de cumplir con el procedimiento y celebrar un juicio";[6] "Tan grave como el desconocimiento de los hechos es el profundo desentendimiento de los procesos parlamentarios y de las normas legales y constitucionales que aplican en la Rama Legislativa.";[7] "Lo aseverado [por la mayoría del tribunal apelativo] constituye una aberración jurídica";[8] "Esto abona sobre el problema de adjudicar a destiempo. Si no se han afinado las controversias mediante el proceso adversativo, lo único que puede hacer un tribunal, especialmente a nivel apelativo, es 'dar palos a

---

[4] Véase Moción de Reconsideración, a la pág. 1.
[5] Ibid.
[6] Ibid.
[7] Ibid. a la pág. 2.

ciegas'";[9] "Procesos como el que nos ocupa, que tienen siglos de evolución, no pueden ser atendidos como si fueran un cobro de Regla 60 o un divorcio por trato cruel";[10] "Uno de los aspectos más leguleyos de la opinión de la mayoría, es el que se refiere a los términos para completar investigaciones legislativas";[11] "Como ocurre con el resto de la sentencia, tales opiniones no aparecen sostenidas por autoridad alguna";[12] "A continuación algunas de las conclusiones absurdas a las que llega la mayoría de este panel";[13] "La óptica de la sentencia, como la del peticionario, es la de una Regla 4 de Procedimiento Civil en su manifestación más retrógrada";[14] "Como ocurre a través de toda la sentencia, el tribunal adjudica como cierto el disparate alegado por el peticionario";[15] "En este caso la sentencia del tribunal ha ignorado por completo las reglas de la Cámara de Representantes de Puerto Rico y las normas de Derecho Parlamentario. Las ha ignorado como si no existieran y su ignorancia ha sido supina por lo menos por dos razones";[16] "Se impone que este Tribunal, con la misma prontitud con la que paralizó los procedimientos, reconsidere su sentencia del 20 de octubre de 2000, la revoque por completo y disponga lo necesario para agilizar la expedición de la orden de citación al Sr. Rubén Vélez,

---

[8] Ibid. a la pág. 3.
[9] Ibid. a la pág. 7.
[10] Ibid.
[11] Ibid. a la pág. 8.
[12] Ibid.
[13] Ibid. a la pág. 12.
[14] Ibid. a la pág. 13.
[15] Ibid. a la pág. 14.

todo ello en compensación por la demora que ha ocasionado con dicha sentencia y en reparación parcial al daño que le ha ocasionado a las prerrogativas constitucionales de la Cámara de Representantes de Puerto Rico".[17]

### III

Lo anteriormente reseñado constituye prueba clara y contundente de la violación a las disposiciones del Canon 9 de Ética Profesional por parte del Lcdo. Richard W. Markus.[18] La profesión debe quedar apercibida de que no estamos en disposición de tolerar esa clase de conducta. Ningún abogado de este País, repetimos, posee licencia para poner en entredicho, o mancillar, la dignidad de los jueces. *In re* Cardona Álvarez, ante.

### IV

Por los fundamentos antes expresados, procede que censuremos severamente al Lcdo. Richard W. Markus por la

---

[16] Ibid. a la pág. 16.

[17] Ibid. a la pág. 20.

[18] A esos efectos, basta con señalar la definición del término "leguleyo", el cual es utilizado por el Lcdo. Markus en dos (2) ocasiones en el escrito que radicara. Conforme surge del Diccionario Enciclopédico de Derecho Usual este término ha sido definido como: "[e]l que se tiene por legalista y sólo de memoria sabe las leyes." Guillermo Cabanellas, *Diccionario Enciclopédico de Derecho Usual*, 20va. ed., Buenos Aires, Editorial Heliasta S.R.L., 1981, t. V, pág. 125. Por su parte Joaquín Escriche lo define como:

> El que sin perpetrar en el fondo del derecho sabe s[ó]lo enredar y eternizar los pleitos con las sutilezas de las fórmulas. Es entre los jurisconsultos lo mismo que son los charlatanes entre los médicos... Francisco Poleti, en su historia del foro romano, llama á los leguleyos charlatanes, harpías, sanguijuelas del género humano, y maulas consumados que meten á sus clientes en laberintos de pleitos que nunca se acaban. D. Joaquín Escriche, *Diccionario Razonado de Legislación y Jurisprudencia*, Madrid, Bailly-Bailliere, 1875, t. III, pág. 876.

conducta observada por éste ante el Tribunal de Circuito de Apelaciones, la cual merece nuestro repudio más enérgico. Le apercibimos que el Tribunal no ha sido más severo en la imposición de la sanción disciplinaria por razón de su historial como abogado.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

*In re* Richard W. Markus

AB-2001-1

SENTENCIA

San Juan, Puerto Rico, a 6 de marzo de 2003

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, <u>censuramos severamente</u> al Lcdo. Richard W. Markus por la conducta observada por éste ante el Tribunal de Circuito de Apelaciones, <u>la cual merece nuestro repudio más enérgico</u> y se apercibe a éste que el Tribunal no ha sido más severo en la imposición de la sanción disciplinaria por razón de su historial como abogado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no interviene.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo