EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Carlos E. Díaz Olivo<br>(TS-7839) | 2019 TSPR 205<br><br>203 DPR _____ |
|---|---|

Número del Caso:  AB-2019-100


Fecha:  5 de noviembre de 2019


Abogado de la parte promovida:

        Por derecho propio


Materia:  Resolución del Tribunal.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Carlos E. Díaz Olivo               AB-2019-100
    (TS-7839)

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de noviembre de 2019.

El 29 de abril de 2019 el Hon. Raphael G. Rojas Fernández, Juez Superior de la Región Judicial de Bayamón, emitió una *Resolución* en el caso <u>Ricardo J. Torres Cintrón v. NY Pizza & Foods Corporations y otros</u> (Caso Civil Núm. DAC2015-2215) mediante la cual refirió la conducta del Lcdo. Carlos E. Díaz Olivo a la atención de este Tribunal. En su referido, el Juez Rojas Fernández planteó que el licenciado Díaz Olivo –quien funge como abogado de la parte demandada en ese caso– realizó imputaciones ofensivas contra los jueces que han atendido el caso[1] y los demás funcionarios que componen la Región Judicial de Bayamón. El referido únicamente aludió a expresiones que realizó el licenciado Díaz Olivo en los escritos que presentó en el tribunal.

En vista de lo anterior, el Juez Rojas Fernández imputó al licenciado Díaz Olivo violaciones a los Cánones 9, 35 y 38 de Ética Profesional. Asimismo, solicitó a este Tribunal ordenar el inicio de una investigación y un proceso disciplinario al respecto. El referido del Juez Rojas Fernández se acogió como una queja contra el licenciado Díaz Olivo, por lo que

---

[1] Estos son: la Hon. Sarah Y. Rosado Morales, el Hon. Raphael G. Rojas Fernández y el entonces Juez Administrador de la Región Judicial de Bayamón, el Hon. José M. D'Anglada Raffucci.

la Secretaría de este Tribunal notificó a este último su derecho a presentar una contestación dentro del término de diez (10) días, según dispone la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

Oportunamente, el licenciado Díaz Olivo presentó su contestación. En síntesis, alegó que el referido no se debió al lenguaje que empleó en sus escritos ante el Tribunal. En cambio, sostuvo que respondió a sus esfuerzos por denunciar una serie de irregularidades en el Tribunal de Primera Instancia de Bayamón ante la Oficina del Contralor y otras agencias gubernamentales.[2] De esta forma, el licenciado Díaz Olivo caracterizó el referido como un acto de represalia y negó que hubiese incurrido en violación alguna a los Cánones de Ética Profesional.[3]

El Canon 9 del Código de Ética Profesional exige de los abogados "observar para con los tribunales una conducta que se caracterice **por el mayor respeto**. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales". 4 LPRA Ap. IX (Énfasis suplido). Además, el mismo Canon 9 dispone que "el deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas **que procedan en ley** contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observan una actitud cortés y respetuosa". Íd. (Énfasis suplido).

Es de notar que este Canon consagra un principio básico en nuestro ordenamiento: que "[l]a práctica de la abogacía exige hacia los tribunales constante respeto". In re Pagán, 116 DPR 107, 111 (1985). Así, el Canon 9 requiere que "los abogados, cuando hayan de dirigirse al tribunal –aún para criticarle– lo hagan con respeto y deferencia". In re Crespo Enríquez, 147 DPR 656, 662-663 (1999). De esta manera, reconoce que "[p]ara reclamar derechos y solventar controversias no es menester lastimar la dignidad personal ni institucional de los miembros de la judicatura, como de ninguna otra persona"; después de todo, "el que un abogado defienda apasionada y diligentemente la causa de acción de su cliente no es incompatible con la exigencia de que cuando vaya a dirigirse al tribunal lo haga respetuosa y

---

[2] Las irregularidades a las que se refiere el licenciado Díaz Olivo consisten en errores cometidos al notificar resoluciones y órdenes judiciales; demoras en producir la regrabación de vistas durante la emergencia que provocó el huracán María, y alegaciones de intervención indebida de jueces en el proceso judicial en el que figuraba como abogado, entre otras. Cabe resaltar que aquellos señalamientos que tenían mérito fueron atendidos. Posteriormente, se le notificó al licenciado Díaz Olivo que los errores fueron corregidos y se le explicó por qué se cometieron.
[3] *Contestación del promovido*, págs. 8, 40.

decorosamente". <u>In re Pagán</u>, *supra*; <u>In re Crespo Enríquez</u>, *supra*, pág. 663. Hemos resuelto que un abogado falta el respeto al tribunal cuando realiza imputaciones infundadas que "tienda[n] a degradar o a afectar la dignidad, honorabilidad e integridad de los tribunales o de sus funcionarios o que puedan debilitar o destruir el respeto a o la confianza pública en los mismos". <u>In re Andréu Ribas</u>, 81 DPR 90, 119 (1959).[4]

Surge palmariamente de nuestra jurisprudencia sobre el Canon 9 que las determinaciones judiciales adversas nunca justifican el uso de lenguaje impropio e hiriente por parte de los abogados de la parte adversamente afectada por el dictamen. En tales situaciones, corresponde a los abogados utilizar las herramientas que el propio ordenamiento les provee para procurar la revisión ante un tribunal de mayor jerarquía. <u>In re Pagán</u>, *supra*; <u>In re Crespo Enríquez</u>, *supra*, pág. 663. Simple y llanamente, ningún abogado "tiene licencia absoluta en el uso del lenguaje para poner en entredicho o mancillar la dignidad de los jueces". <u>In re Cardona Álvarez</u>, 116 DPR 895, 906 (1986).

Del referido del Juez Rojas Fernández se desprende que el licenciado Díaz Olivo presentó escritos ante el Tribunal de Primera Instancia, Región Judicial de Bayamón, en los que –mediante lenguaje destemplado y mordaz– mancilló la dignidad de varios jueces e incluso de los demás funcionarios que allí laboran. Mediante varias mociones y recursos, el licenciado Díaz Olivo caracterizó el juicio en el que intervino como abogado como "una farsa" y "una mueca burda a los nobles y altruistas preceptos, sobre los cuales los padres fundadores edificaron nuestro sistema constitucional" (*Solicitud de Inhibición*, pág. 9); sostuvo que "[l]a decomposición del significado de las palabras para la articulación de nuevas acepciones al castellano que se escenifica en la dependencia

---

[4] En <u>In re Martínez, Jr.</u>, 108 DPR 158 (1978), suspendimos del ejercicio de la abogacía por un término de tres meses a un abogado que utilizó la frase "chantaje judicial" en una moción de reconsideración que presentó ante este Tribunal. Luego de concluir que el abogado violentó el Canon 9 de Ética Profesional al así proceder, expresamos lo siguiente:

> La conducta de este abogado constituye un agravio no s[o]lo para la dignidad del Tribunal sino para la tradición de honor y respeto de la profesión jurídica de Puerto Rico. El signo de destemplanza en este miembro del Colegio de Abogados puede o no ser indicio de una deformación profunda y de una total inadaptabilidad a los Cánones de Ética **que lo descualifican para seguir perteneciendo a la comunidad forense**. Su conducta es una rara y muy infrecuente mancha en la larga historia del abogado puertorriqueño, esforzado en su quehacer y celoso guardador en todo momento de la dignidad y prestigio de nuestros tribunales que son una e inseparables de la propia dignidad y prestigio de la profesión de abogado.

<u>Íd</u>., págs. 163-164 (Énfasis suplido).

gubernamental que es esta Sala de Bayamón del Tribunal de Primera Instancia, se inserta y acomoda en el sin sentido [sic] que asfixia a [sic] país en el manejo de sus asuntos públicos" (*Urgente moción en honor a la verdad y solicitud de ejercicio de prudencia*, pág. 5); especuló que, por razón de haberse notificado la Resolución incorrecta, "el sistema judicial" quiso comunicarle "que la Juez[a] Rosado Morales nos mintió o que nos engañó o que nos indujo a error o que nos burló en la confianza institucional que necesariamente había que prestarle a sus palabras como funcionaria del Estado" (Íd.); expresó que la Jueza Sarah Y. Rosado Morales "en vez de actuar con la diligencia y estar a la altura que las circunstancias exigían, obvió su deber de funcionario público […] [y] prefirió callar cuando venía obligada a revelar la crisis que con su imprudencia había ocasionado, para de esta manera permanecer en el pleito que tanto le interesaba" (*Moción informativa para la preservación del récord histórico*, págs. 2-3); calificó un error administrativo que provocó la notificación de la Resolución judicial incorrecta como "una mutilación crasa e impermisible de la función judicial" (Íd., pág. 8). Asimismo, sostuvo que "los funcionarios judiciales, crearon un caos e indujeron a error […] convirtiendo en mueca dolorosa y desafortunada, tan vital función pública") (Íd., pág. 8); atribuyó al Juez Rojas Fernández un "arrojo entusiasta a trasgredir la naturaleza y esencia misma de un pleito interdictal sumario de ámbito limitado" (*Moción de inhibición*, pág. 1), y -ante una denegatoria de una moción de traslado que presentó- sugirió que ello se podría deber "a otro de los múltiples errores, fallas graves e irregularidades que parece[n] caracterizar la operación del Tribunal de Bayamón" (Íd., pág. 3). Cabe resaltar que estas son solo algunas de las múltiples expresiones innecesarias, irrespetuosas y ofensivas que identificamos al examinar los autos de este caso.

Reconocemos, como lo hemos hecho en el pasado, que "la crítica constructiva a la labor judicial siempre es bienvenida y necesaria por cuanto quizás constituye la 'medicina' más eficaz y necesaria para mejorar la labor judicial que realizamos. Ello no obstante, **esas expresiones, escritos y críticas deben ser realizadas de manera correcta y respetuosa por parte de los abogados**". In re Markus, 158 DPR 881, 884 (2003) (Énfasis suplido). No albergamos duda de que el licenciado Díaz Olivo violentó el Canon 9 de Ética Profesional al dirigirse al tribunal como lo hizo. Este Tribunal exige de sus profesionales del derecho un comportamiento respetuoso, circunspecto y ético. Por tanto, una vez más nos vemos obligados a reiterar que "[l]a profesión debe quedar apercibida de que **no** estamos en disposición de tolerar esa clase de conducta. Ningún abogado de este País […] posee licencia para poner en entredicho, o mancillar, la dignidad de los jueces". In re Markus, 158 DPR 887, 881 (2003). Toda persona que se presenta ante nuestros tribunales

tiene derecho a realizar críticas constructivas. No obstante, como funcionarios del Tribunal, los profesionales del derecho tienen que discernir entre su deber indelegable de abogar por los derechos de sus representados y de promover la solución justa de los casos en los que intervie nen, y lo que constituye un ataque que lastima la dignidad personal y/o institucional de la Judicatura. Este Tribunal no tolerará expresiones que falten el respeto a los jueces y juezas, así como al personal que integra este Poder Judicial.

Examinado el referido que presentó el Juez Rojas Fernández y la contestación del promovido, se **amonesta** al licenciado Díaz Olivo por violentar el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, al utilizar lenguaje irrespetuoso, destemplado y mordaz para mancillar la dignidad e integridad de la Hon. Sarah Y. Rosado Morales, el Hon. Raphael G. Rojas Fernández y el entonces Juez Administrador de la Región Judicial de Bayamón, el Hon. José M. D'Anglada Raffucci, así como de los funcionarios y funcionarias que laboran en la Región Judicial de Bayamón. Enfatizamos que imponemos esta sanción únicamente por razón de las expresiones que el licenciado Díaz Olivo realizó en sus comparecencias escritas ante el Tribunal de Primera Instancia de Bayamón. Le **apercibimos** de su deber de dar fiel cumplimiento a los Cánones de Ética Profesional, en particular en lo que respecta el Canon 9, el cual le impone la responsabilidad de observar en todo momento una conducta caracterizada por el mayor respeto ante los jueces y otros funcionarios del tribunal. Por último, le **apercibimos** que de repetirse este tipo de actuación podrá ser objeto de sanciones más severas, incluso la suspensión del ejercicio de la profesión. Así las cosas, ordenamos el archivo de la queja.

Notifíquese y publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez está conforme con la Resolución que antecede y hace constar la siguiente expresión:

La Rama Judicial toma con seriedad extrema los señalamientos de la ciudadanía con respecto a irregularidades o deficiencias en los procesos judiciales y en la administración de los tribunales. "[L]a crítica ponderada, razonada, juiciosa, sea acertada o no […] es indispensable para el buen funcionamiento de la justicia". José Trías Monge, *Discurso pronunciado en la Conferencia Judicial de diciembre de 1982*, Tribunal Supremo de Puerto Rico, pág. 152. La crítica constructiva no solo es bienvenida, sino que resulta esencial para el funcionamiento óptimo de cualquier entidad,

pública o privada; ciertamente lo es para el Poder Judicial.

Ahora bien, la apertura a la crítica constructiva no exime a este Tribunal de cumplir con su deber indelegable de asegurar que la conducta de los integrantes de la profesión legal se ajuste a las normas éticas mínimas que rigen en nuestro ordenamiento. Así pues, el buen funcionamiento del Poder Judicial también depende de que este Tribunal ejerza de manera consistente su poder inherente para sancionar a aquellos abogados o abogadas que incurran en violaciones a los Cánones de Ética Profesional, 4 LPRA Ap. IX.

Contrario a lo que intiman algunos de mis compañeros, la incidencia de errores durante un pleito no justifica que un abogado emplee lenguaje ofensivo e irrespetuoso en sus comparecencias orales o escritas ante un tribunal. Ello constituye una violación evidente al Canon 9 de Ética Profesional, 4 LPRA Ap. IX. Asumir responsabilidad por los errores humanos, administrativos o inclusive en la adjudicación sustantiva de una controversia es perfectamente compatible con nuestro deber de velar por que los integrantes de la profesión legal cumplan con los Cánones de Ética Profesional, que exigen un deber de civismo, respeto y consideración a las partes y al tribunal y sus componentes. Resulta preocupante que algunos miembros de esta Curia sostengan que se tiene que escoger entre reconocer que se cometieron errores y hacer cumplir el Canon 9 de Ética Profesional. Más aún, cuando no toleraríamos —y en efecto, no hemos tolerado— que mediante comparecencias ante este Tribunal los abogados realicen ataques personalistas contra sus integrantes o que cuestionen la integridad y dignidad del Poder Judicial al que pertenecemos. Si no toleramos estos ataques cuando se dirigen a este foro, ¿por qué permitiríamos que tal conducta permanezca impune desde un punto de vista disciplinario cuando ocurre a nivel del foro de primera instancia?

No debe quedar duda de que un abogado o una abogada violenta los Cánones de Ética Profesional cuando utiliza sus comparecencias ante el tribunal como un arma para canalizar "la crítica destemplada, irreflexiva, estridente, […] que es criatura de la pasión, el abanderamiento, el afán incontenible de que se cumpla nuestra voluntad a toda costa". Trías Monge, <u>op. cit.</u> Ninguna desavenencia con el tribunal justifica el que un

profesional del derecho ignore los Cánones de Ética Profesional. Examinadas las expresiones que realizó el Lcdo. Carlos E. Díaz Olivo en comparecencias escritas ante el Tribunal de Primera Instancia de Bayamón, estoy convencida de que –aun si estuvieron motivadas en parte por un deseo legítimo de criticar constructivamente la labor del tribunal– estas ameritan una amonestación. Por ello, estoy conforme con la Resolución que una Mayoría decidió emitir sobre este asunto.

La Jueza Asociada señora Pabón Charneco disiente y hace constar la siguiente expresión:

**La Rama Judicial debe asumir responsabilidad cuando comete errores.** Los ciudadanos han de tener confianza en nuestro sistema de justicia. Por lo tanto, aquellas acciones que perpetúen desconfianza en los procesos judiciales deben ser repudiadas. En el caso *Ricardo J. Torres Cintrón v. NY Pizza & Foods Corporations y otros* (Caso Civil Núm. DAC2015-2215) hubo una gran cantidad de irregularidades serias en el proceso. La Resolución que emite una Mayoría de este Tribunal se limita a mencionar algunas de ellas superficialmente en la nota al calce número dos. Las expresiones del Lcdo. Carlos Díaz Olivo denotan, naturalmente, un desagrado con los numerosos errores cometidos por la Rama Judicial en el trámite. Si bien los abogados tienen la obligación de dirigirse respetuosamente a los tribunales, los tribunales también tienen la obligación de cumplir cabalmente con sus deberes para que, a través de procesos razonables, se logre efectivamente la búsqueda de la verdad y la justicia. Ante esto, disiento enérgicamente de la determinación que hoy anuncia este Tribunal.

El Juez Asociado señor Estrella Martínez emite la siguiente expresión disidente, a la cual se une la Jueza Asociada señora Pabón Charneco:

El asunto que nos ocupa, en lo que concierne al ámbito disciplinario, debió culminar con un archivo y nada más. Ello, sin perjuicio de que la información y el insumo recibido a través del referido del Honorable Tribunal de Primera Instancia y de la contestación ofrecida por el Lcdo. Carlos Díaz Olivo sean parte de los instrumentos que nos sirvan de norte para mejorar día a día nuestro sistema judicial. Así lo reconoce este Tribunal cuando admite en su Resolución que la Administración de Tribunales se vio precisada a tomar medidas correctivas a la luz de los

señalamientos del referido letrado. Entonces, realmente lo que parece motivar al Tribunal a emitir una sanción disciplinaria son las expresiones contenidas en los escritos judiciales suscritos por el licenciado Díaz Olivo, toda vez que cualquier expresión realizada por el letrado como parte de su rol de analista noticioso ameritaría un tratamiento distinto. Ciertamente, esas expresiones ni ninguna otra conducta es la que tenemos ante nuestra consideración. En ese sentido, sus expresiones públicas o cualquier otra acción de fiscalización que no forme parte del referido no pesan en mi ánimo al momento de adjudicar esta controversia. Aunque hubiese canalizado los señalamientos que desembocaron en este asunto con un tono distinto, opino que el lenguaje utilizado por el abogado en sus escritos judiciales podrá ser uno apasionado, adversativo y fiscalizador, pero no violatorio de los Cánones de Ética Profesional. Sin embargo, este Tribunal más que un archivo del asunto disciplinario realmente emite una resolución con sanciones disciplinarias concretas y con una extensión que se asemeja más a una Opinión *Per Curiam* publicada. En consecuencia, en esta expresión consigno mi disenso en torno a la extensión de la sanción y más importante aun del hecho de que nos alejemos del lenguaje que ordinariamente este Tribunal utiliza para amonestar, apercibir y archivar. Aunque reconozco la facultad de este Tribunal para emitir tal dictamen no puedo concurrir con el curso de acción tomado y la determinación expresa de la Mayoría de que el letrado violó el Canon 9 de Ética Profesional, 4 LPRA Ap. IX. Ante el cuadro fáctico y procesal expuesto, aunque no comparto la totalidad del estilo utilizado por el licenciado Díaz Olivo al manifestar sus preocupaciones, ello no me puede llevar a avalar la totalidad de las conclusiones de esta resolución. Por eso, más allá de la acción de archivar, respetuosamente disiento del curso de acción tomado por este Tribunal.

El Juez Asociado señor Colón Pérez no intervino. El Juez Asociado señor Kolthoff Caraballo está inhibido.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo