EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2023 TSPR 3 |
| | 211 DPR ___ |
| Orlando Torres Trinidad (TS-8,227) | |

Número del Caso: AB-2022-59

Fecha: 17 de enero de 2023

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infringir el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | |
| Orlando Torres Trinidad (TS-8,227) | AB-2022-0059 |

**PER CURIAM**

En San Juan, Puerto Rico, a 17 de enero de 2023.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la abogacía por incumplir con los postulados éticos que, como mínimo, deben guiar la gestión de todo miembro de la profesión legal. En esta ocasión, intervenimos disciplinariamente con el Lcdo. Orlando Torres Trinidad por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En virtud de los fundamentos que expondremos más adelante, decretamos la suspensión inmediata e indefinida del letrado de la práctica de la abogacía. Veamos los hechos que motivan nuestra determinación.

I

El Lcdo. Orlando Torres Trinidad (licenciado Torres Trinidad o querellado) fue admitido al ejercicio de la abogacía el 10 de enero de 1986 y prestó juramento como

notario el 3 de febrero de 1986.[1] En lo que hoy nos atañe, el **6 de abril de 2022**, el Sr. Carlos G. Rivera Carrasquillo (promovente o señor Rivera Carrasquillo) presentó la *Queja* de epígrafe contra el licenciado Torres Trinidad, a los fines de requerirle la renuncia a su representación legal. Como parte de sus alegaciones, esbozó que el licenciado Torres Trinidad no contestaba sus mensajes y no le había entregado el expediente del caso tras reiterados requerimientos al respecto. Añadió, que le impusieron una orden de desacato debido a que el letrado no le informó de una vista, razón por la cual no estuvo presente. Asimismo, adujo que, a raíz de la irresponsabilidad de su representante legal le impusieron un pago elevado por concepto de pensión alimentaria.

Posteriormente, el **26 de abril de 2022**, este Tribunal le remitió al letrado una **comunicación** a la cual le fue

---

[1] Posteriormente, el 25 de abril de 2008 emitimos una *Opinión Per Curiam* como consecuencia de la queja AB-2007-112 ante el constante incumplimiento y desobediencia del letrado con los requerimientos y órdenes de este Tribunal. Mediante esta, decretamos la separación inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Torres Trinidad. Más adelante, el 21 de mayo de 2008 en reconsideración, el letrado fue reinstalado al ejercicio de la abogacía y, posteriormente, el 8 de mayo de 2009 la queja fue archivada. <u>Véase</u>, *In re Torres Trinidad*, 173 DPR 629 (2008).

El 9 de noviembre de 2011 por segunda ocasión nos vimos obligados a suspender indefinidamente del ejercicio de la abogacía al licenciado por, incurrir nuevamente en conducta de indiferencia y desatención hacia las órdenes de este Tribunal respecto al trámite disciplinario sobre la queja AB-2011-0010. En específico, este desaprovechó las cuatro (4) prórrogas que esta Curia le concedió para que diera cumplimiento a nuestros requerimientos. Así las cosas, el licenciado Torres Trinidad presentó una *Moción en relación a la solicitud de reinstalación al ejercicio de la profesión de abogado,* a la cual le proveímos *ha lugar* el 15 de febrero de 2013. Asimismo, acogimos el *Informe* del Procurador General y archivamos la queja AB-2011-10. <u>Véase</u>, *In re Torres Trinidad*, 183 DPR 371 (2011).

acompañada la queja y se le concedió al letrado un término de diez (10) días para que presentara su contestación. Además, se le apercibió que, de no comparecer en el término provisto, la queja sería referida al Pleno del Tribunal para la correspondiente acción, entre las cuales se incluyen la posible imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión.

Ante su reiterada inacción, el **23 de mayo de 2022**, le remitimos al licenciado Torres Trinidad una **segunda notificación**. En esa ocasión, se le concedió un término adicional de diez (10) días para que presentara su contestación a la queja instada. Eventualmente, el **22 de julio de 2022**, emitimos una *Resolución* en virtud de la cual le concedimos un **tercer** término de diez (10) días para que mostrara causa por la cual no debiera ser suspendido del ejercicio de la profesión de la abogacía por incumplir con las órdenes de este Tribunal al no presentar su contestación a esta *Queja*. Finalmente, el **7 de septiembre de 2022**, le concedimos un término final de diez (10) días para que efectuara su cumplimiento con nuestros requerimientos. Al día de hoy, **el licenciado Torres Trinidad no ha comparecido**.

## II

A partir del juramento que ejerce cada abogado al momento de ser admitido al ejercicio de la profesión de la

abogacía, este se compromete a fijar su conducta íntimamente a las normas establecidas en el Código de Ética Profesional, *supra*. En ese sentido, su propósito como cuerpo rector y disciplinario recae en "promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia".[2] Asimismo, hemos señalado que este deber se hace extensivo "no solo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal".[3]

A luz de ello, el Canon 9 del referido Código, *supra*, establece la conducta que los abogados deben observar ante los tribunales. Particularmente, les impone a los letrados "el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto".[4] Por ello, un abogado que desatiende las órdenes judiciales y demuestra una actitud de indiferencia hacia nuestros apercibimientos sobre nuestra potestad de ejercer nuestra facultad disciplinaria, constituye una causa suficiente para la suspensión inmediata de la práctica de la profesión.[5] De tal modo, que, "estos tienen la obligación de responder con premura y diligencia los requerimientos cursados con

---

[2] *In re Torres Rivera*, 2022 TSPR 107.
[3] *In re Medina Torres*, 200 DPR 610, 628 (2018).
[4] *In re Torres Rivera*, supra.
[5] *Íb*.

relación a una queja por conducta profesional o se exponen a sanciones disciplinarias serias".[6] Ciertamente, la actitud de indiferencia a la autoridad de este Tribunal no puede ser tomada livianamente.

### III

El caso ante nuestra consideración exhibe un patrón de falta de respeto y desidia no solo hacia las órdenes de este Tribunal, sino hacia la litigación de la causa de su representado. Igualmente, su conducta es un reflejo de las irreversibles consecuencias que puede acarrear la labor incompetente de un letrado. Al examinar el expediente de autos se desprende que este letrado se ha caracterizado por incumplir con nuestras órdenes en múltiples instancias. En esta ocasión, se le concedieron **cuatro (4) oportunidades** para que compareciera ante esta Curia, entiéndase, el **26 de abril de 2022, 23 de mayo de 2022, 22 de julio de 2022 y el 7 de septiembre de 2022.**

Sin embargo, el licenciado Torres Trinidad optó por ignorar nuestros requerimientos a pesar de nuestras consideraciones para con sus petitorios. Además, como si no hubiesen sido suficientes las suspensiones indefinidas de la profesión de la abogacía que promulgamos en el pasado, este insiste en continuar con su conducta irrespetuosa distanciado de los más básicos postulados

---

[6] *In re Medina Torres*, supra.

éticos.[7] Evidentemente, su desatención e indiferencia nos fuerzan a **decretar su suspensión indefinida de la profesión de la abogacía al infringir el Canon 9 del Código de Ética Profesional**, *supra*.

A la luz de lo anterior, le imponemos al licenciado Torres Trinidad el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y *Sentencia*. No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Notifíquese esta Opinión *Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Torres Trinidad y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Opinión y Sentencia de conformidad.

---

[7] Mediante *Opinión Per Curiam* emitida el 25 de abril de 2008 y 9 de noviembre de 2011.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Orlando Torres Trinidad
(TS-8,227)

AB-2022-0059

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de enero de 2023.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión inmediata e indefinida del Sr. Orlando Torres Trinidad del ejercicio de la abogacía.

Notifíquese personalmente la *Opinión Per Curiam* y *Sentencia* al señor Torres Trinidad a través de la oficina del Alguacil de este Tribunal y por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo