EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Richard A. García Pérez | 2023 TSPR 36<br><br>211 DPR ___ |

Número del Caso:  TS-21,132
                  Ref. CC-2022-295

Fecha:  23 de marzo de 2023

Abogado del Sr. Richard A. García Pérez:

     Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata por un término de seis (6) meses del ejercicio de la abogacía y la notaría por quebrantar el Canon 9 del Código de Ética Profesional al utilizar en sus escritos apelativos un lenguaje indecoroso y ofensivo a la dignidad y respeto que debe permear hacia los tribunales.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Richard A. García Pérez        TS-21,132
                                  Ref. CC-2022-295

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de marzo de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender del ejercicio de la abogacía y la notaría a un integrante de la profesión legal que ha incumplido con lo dispuesto en el Canon 9 del Código de Ética Profesional, *infra*, al utilizar en sus escritos apelativos un lenguaje indecoroso y ofensivo a la dignidad y respeto que debe permear hacia los tribunales. Veamos.

I.

El Lcdo. Richard A. García Pérez (en adelante, "licenciado García Pérez") fue admitido al ejercicio de la abogacía el 7 de abril de 2017 y al ejercicio de la notaría el 1 de marzo de 2018.

Allá para el año 2019, el licenciado García Pérez asumió la representación legal de la Sra. Jilliam Alexander Meléndez en el caso *El Pueblo de Puerto Rico v. Jilliam Alexander Meléndez*, K BD2019G0536 y K BD2019M0071. Tras el desfile de la prueba de rigor, el 12 de febrero de 2020 el Tribunal de Primera Instancia emitió un fallo de culpabilidad en contra de esta última por la violación a los Artículos 202(b) y 208 del Código Penal de 2012, 33 LPRA secs. 5272(b) y 5278, los cuales tipifican respetivamente los delitos de fraude e impostura. En consecuencia, el 7 de octubre de 2020 el foro primario dictó una *Sentencia* mediante la cual condenó a la señora Alexander Meléndez a una pena de ocho (8) años y seis (6) meses de reclusión, más la imposición de una pena especial.

Inconforme con dicho proceder, el 2 de noviembre de 2020 el referido letrado, en representación de la señora Alexander Meléndez, presentó ante el Tribunal de Apelaciones un recurso de apelación mediante el cual impugnó la *Sentencia* emitida por el Tribunal de Primera Instancia. A grandes rasgos, arguyó, entre otros señalamientos de error, que el Ministerio Público había incumplido con la carga probatoria para establecer la culpabilidad de la señora Alexander Meléndez y que el foro primario incidió al intimar como suficientes los testimonios vertidos durante el juicio para establecer los elementos de los delitos imputados. Así como, al apoyar su dictamen en prueba, a su modo de ver, irreal e incompatible

y al descartar la prueba que presentó a favor de su representada.

Tras evaluar los argumentos de las partes, la transcripción de los procedimientos orales y los autos originales del caso, el 14 de febrero de 2022 el foro apelativo intermedio emitió una *Sentencia* mediante la cual confirmó la determinación del Tribunal de Primera Instancia.[1] Dicha *Sentencia* fue oportunamente notificada a todas las partes con interés en el litigio.

Inconforme aún, el licenciado García Pérez, en representación de la señora Alexander Meléndez, presentó ante el Tribunal de Apelaciones la correspondiente *Moción de reconsideración de sentencia*. En su escrito, el referido letrado le imputó al foro apelativo intermedio haber emitido una sentencia errónea, injusta, parcializada y deshonesta intelectualmente. Véase, Apéndice del *certiorari*, pág. 41. De forma específica, adujo que el Tribunal de Apelaciones se había prestado para validar la acusación, a su modo de ver frívola, presentada por el Ministerio Público y el fallo deshonesto emitido por el Honorable Alberto L. Pérez Ocasio, Juez Superior del Tribunal de Primera Instancia. *Íd.*, pág. 48.

En particular, el referido letrado apuntó que los señalamientos de error incluidos en el recurso de apelación

---

[1] Valga señalar que la referida *Sentencia* fue atendida por el Panel V del Tribunal de Apelaciones integrado por su presidente, el Juez Bermúdez Torres, la Jueza Domínguez Irizarry -- quien fue la jueza ponente --, y la Jueza Rivera Marchand. Véase, Apéndice del *certiorari*, pág. 1.

estaban dirigidos a "exponer la falsedad de toda la prueba testimonial presentada irresponsablemente por el Ministerio Público, y las actuaciones arbitrarias, irracionales y parcializadas del Juez Pérez Ocasio en la evaluación de esa 'prueba' y en la conducción de los procedimientos judiciales". Véase, Apéndice del *certiorari*, pág. 46. Por último, el licenciado García Pérez solicitó la inhibición del Panel V del foro apelativo intermedio que emitió la *Sentencia* por entender que los Jueces que componían el aludido panel "no est[aban] en la disposición de hacer una adjudicación responsable, justa e imparcial de la apelación". *Íd.*, pág. 42.

Así las cosas, el 8 de marzo de 2022 el Tribunal de Apelaciones -- en específico, el Panel I integrado por su presidente el Juez Sánchez Ramos, el Juez Ramos Torres y el Juez Candelaria Rosa -- emitió una *Resolución* mediante la cual denegó la solicitud de inhibición presentada por el licenciado García Pérez. Lo anterior, al concluir que el referido letrado no articuló "una alegación específica que pudiese concebiblemente justificar la inhibición del Panel V, independientemente de la manifiesta inconformidad de la Apelante con la decisión del Panel en cuanto a los méritos del caso de referencia, y al no surgir del récord causa alguna que pudiese justificar dicha inhibición". Véase, Apéndice del *certiorari*, pág. 52. Posteriormente, el Panel V emitió una *Resolución* mediante la cual denegó la solicitud de

reconsideración presentada por el licenciado García Pérez, en representación de la señora Alexander Meléndez.

En desacuerdo con el proceder del Tribunal de Apelaciones, el 11 de mayo de 2022 el licenciado García Pérez, en representación de la señora Alexander Meléndez, compareció ante nos mediante recurso de *certiorari*. En su escrito el referido letrado expuso lo siguiente:

> se están señalando tres errores en los que incurrió el Tribunal de Apelaciones, específicamente **la Jueza ponente que emitió la sentencia, Ivelisse Domínguez Irizarry, que constituyen conducta mendaz, parcializada, deshonesta intelectualmente y, por consiguiente, actos de la más reprochable corrupción judicial,** que de no ser revocados con prontitud perpetuarían un fracaso a la justicia y socavarían profundamente la confianza de la ciudadanía y los miembros de la comunidad jurídica deberíamos tener en los(as) jueces y juezas integrantes de la Rama Judicial.

> El fallo y sentencia emitidos por **el Juez de Primera Instancia, Alberto Pérez Ocasio,** del mismo modo, fueron producto de múltiples actos de perjuicio y parcialidad judicial en la apreciación de la prueba y en la conducción de los procedimientos, al punto que **dicho magistrado ofreció impunidad total a los testigos del Ministerio Público para que mintieran libremente durante el juicio y fabricaran prueba testimonial, conocidamente falsa por el Ministerio Público.** Y como si lo anterior fuera poco, **el Juez Pérez Ocasio asumió activamente la posición de fiscal,** litigando las objeciones probatorias con el abogado suscribiente y hasta levantando argumentos *motu proprio* en favor del Ministerio Público para admitir, empecinadamente, prueba de carácter y de alegados actos no imputados que era claramente inadmisible (además de falsa), en perjuicio indebido de la peticionaria y en menoscabo total de su derecho constitucional a un juicio justo e imparcial, según los postulados del debido proceso de ley.

> […]. **Todo lo anterior no es otra cosa que un fraude judicial perpetrado a plena luz del día por el Juez Pérez Ocasio,** que amerita

intervención inmediata por parte de este Honorable Tribunal Supremo […]. **El Tribunal de Apelaciones, mediante artificios deshonestos y mentiras evidentes sobre el contenido de la transcripción de la prueba, se negó de plano a evaluar estos señalamientos de error fundamentados hasta saciedad en el "Alegato de la Parte Apelante".** (Negrilla suplida). Véase, Recurso de *certiorari*, págs. 2-3.

Asimismo, el licenciado García Pérez en el recurso de *certiorari* expresó lo siguiente:

Prueba completamente ignorada y descartada arbitrariamente por el Juez Pérez Ocasio.

[…]

**Ahora la Oficina del Procurador General, en sus habituales argumentaciones temerarias ante el Tribunal de Apelaciones** […].

[…]

El Juez Alberto Pérez Ocasio, aparentemente, prefirió creer en esta probabilidad antes de concluir lo que resulta evidente hasta para un niño de 5 años […].

**Los tres jueces integrantes del Panel V del Tribunal de Apelaciones, entre las múltiples falsedades que adujeron en la sentencia mendaz, parcializada y deshonesta emitida por voz de la Jueza Domínguez Irizarry. […] la patente mentira de la Jueza Domínguez Irizarry […]. Pero el Tribunal de Apelaciones miente abiertamente y dice lo contrario en su sentencia, para fabricar la posibilidad** […].

[…]

**Pero el Tribunal de Apelaciones, dispuesto a valerse de la mentira, la tergiversación y el engaño para confirmar, fraudulentamente, el ignominioso fallo de culpabilidad emitido por el Juez Pérez Ocasio** […].

[…]

La jueza Domínguez Irizarry, percatándose muy bien de esa insalvable contradicción **-como lo haría cualquier persona con un poquito de sentido**

**común-** omitió completamente en su sentencia deshonesta […]. De hecho, lo único que mencionó la Jueza Domínguez Irizarry en su sentencia, para generar hábilmente la impresión falsa […].

[…]

Esa única afirmación […] era suficiente para que cualquier juez con un gramo de honestidad e inteligencia detuviera los procedimientos inmediatamente y decretara la absolución de la peticionaria.

[…]

**Lamentablemente, el fraude judicial que se perpetró en este caso, mediante el festival desfachatado testimonios perjuros con el conocimiento y la anuencia del fiscal Velázquez Reyes y el juez Pérez Ocasio, es todavía peor de lo que hemos expuesto hasta ahora.**

[…]

**La Jueza Domínguez Irizarry, quien al parecer goza de impunidad ética y que puede mentir indisimuladamente en una sentencia judicial, tuvo la osadía de afirmar expresamente lo contrario en su relación fraudulenta del testimonio […].**

[…]

**Ese único pedacito de testimonio […] era más que suficiente para que cualquier juez mínimamente honesto e imparcial encontrara no culpable a nuestra representada.** Lamentablemente para nuestra representada, su derecho a tener un juicio justo con un juzgador imparcial fue pisoteado de manera inmisericorde por el juez Pérez Ocasio.

Y como si las injurias y los vejámenes que le hicieron sufrir a nuestra representada en el Tribunal de Primera Instancia fueran poca cosa, **tenemos para colmo a una jueza del Tribunal de Apelaciones, igual o más deshonesta que el Juez Pérez Ocasio,** mintiendo indisimuladamente en una sentencia judicial como si la transcripción estipulada de la prueba no existiera para poner de manifiesto sus insólitas falsedades. […]. Francamente no sabemos de qué recoveco imaginario la Jueza Domínguez Irizarry sacó semejante mentira, porque ciertamente no fue de la transcripción estipulada de la prueba […].

[…]

Los tres señalamientos de error pueden discutirse conjuntamente ya que están estrechamente vinculados por el elemento común de parcialidad y consecuente violación al debido proceso de ley en la que incurrió el Tribunal de Apelaciones, por voz de la Jueza Ivelisse Domínguez Irizarry, al emitir una sentencia mendaz y deshonesta intelectualmente, en la que, según documentamos en la relación de hechos de este escrito, dicha magistrada mintió de manera manifiesta e inequívoca, en múltiples ocasiones, con respecto a los testimonios que surgen claramente de la transcripción estipulada de la prueba, **con el propósito nefasto e ilícito de fabricar una versión distinta a lo realmente ocurrido en el juicio en el caso de epígrafe, y de ese modo confirmar un fallo y sentencia de culpabilidad que indudablemente deben ser revocados.**

[…]

**Finalmente, [el licenciado García Pérez señaló que no presentó] una solicitud de inhibición de los integrantes del Panel V, pues en nuestra opinión eso sería lo mismo que pedirle peras al olmo. De hecho, el teatro procesal que ejecutaron, *motu proprio*, los jueces de los paneles V y I con respecto a la solicitud imaginaria de inhibición, no hizo otra cosa que darnos la razón.** A fin de cuentas, ese incidente procesal es completamente inconsecuente […], y no fue sino un intento lastimoso del Tribunal de Apelaciones para legitimar la sentencia mendaz, deshonesta y fraudulenta […]. (Negrilla suplida). Véase, Recurso de *certiorari*, págs. 7-25.

Evaluado el recurso de *certiorari* presentado por el referido letrado, el 10 de junio de 2022 una Sala de Despacho de este Tribunal emitió una *Resolución* mediante la cual denegó la expedición del referido recurso.[2] La aludida resolución

---

[2] Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García y el Juez Asociado señor Estrella Martínez. Valga señalar que la Jueza Presidenta Oronoz Rodríguez hubiese expedido el recurso de *certiorari*.

fue debidamente notificada a todas las partes con interés en el litigio.

En desacuerdo, el 1 de julio de 2022 el licenciado García Pérez, en representación de la señora Alexander Meléndez, presentó la correspondiente *Moción de reconsideración*. **En su escrito, adujo que los asuntos traídos ante la consideración de esta Curia ameritaban acción inmediata para "erradicar la cultura nefasta de favoritismo, parcialidad y corrupción que impera en la administración del sistema de justicia criminal en Puerto Rico".** (Negrilla suplida). Véase, *Moción de reconsideración*, pág. 2. **Particularmente, "la conducta corrupta y deshonrosa […] de jueces, fiscales y otros miembros del Departamento de Justicia".** (Negrilla suplida). *Íd*. Por último, el referido letrado expresó que:

> [a]nte este Honorable Tribunal Supremo ha acudido un abogado que esencialmente ha destruido su práctica como criminalista por cumplir con su deber ético-profesional de denunciar los flagrantes **actos de corrupción judicial que se han perpetrado en el caso de epígrafe, y la respuesta de este Ilustrado Foro ha sido condonar, con su silencio, inacción e indiferencia, el fraude judicial cometido en el Tribunal de Primera Instancia y sostenido inconcebiblemente por el Tribunal de Apelaciones, mediante una sentencia mendaz y parcializada que no es otra cosa que una ignominia para la Rama Judicial y un claro indicio de lo podrido y politizado que está nuestro sistema de justicia criminal.** (Negrilla suplida). *Íd*.

Evaluada la solicitud de reconsideración, el 8 de diciembre de 2022 esta Curia emitió una *Resolución* mediante la cual denegó dicho petitorio. Además, en la referida

*Resolución* le concedimos al licenciado García Pérez un término de diez (10) días para que mostrara causa por la cual no debía ser sancionado, incluyendo la separación del ejercicio de la profesión legal, por el lenguaje indecoroso y ofensivo utilizado en sus escritos al Tribunal.[3]

En cumplimiento con nuestra orden, el 27 de diciembre de 2022 el licenciado García Pérez compareció ante nos mediante *Moción mostrando causa*. En esta, en primer lugar, el referido letrado cuestionó la capacidad de este Tribunal para iniciar un proceso disciplinario en su contra y para emitir una orden de mostrar causa, a su juicio, carente de especificidad sobre el lenguaje indecoroso y ofensivo que motivó el proceso disciplinario que nos ocupa.

En segundo lugar, y respecto al lenguaje empleado en los documentos judiciales antes aludidos, el licenciado García Pérez aseguró que las expresiones incluidas en dichos documentos únicamente pretendían evidenciar el proceso judicial, a su modo de ver, corrupto y fraudulento que se

---

[3] El 19 de diciembre de 2022 el licenciado García Pérez, en representación de la señora Alexander Meléndez, presentó ante esta Curia una *Segunda moción de reconsideración*. En su escrito, el referido letrado reafirmó sus señalamientos y alegaciones sobre la presunta "**conducta corrupta y deshonrosa de [los] funcionarios judiciales**". (Negrilla en el original). Véase, *Segunda moción de reconsideración*, pág. 2. De forma específica, el licenciado García Pérez insiste en que incluyó en su recurso de *certiorari* "alegaciones documentadas probadas y no refutadas, sobre las múltiples ocasiones en las que el Tribunal de Apelaciones, por voz de la Jueza Ivelisse Domínguez Irizarry, mintió en la sentencia confirmatoria de la condena de la Sra. Alexander Meléndez, haciendo una representación completamente falsa y tergiversada de los testimonios". (Énfasis omitido). *Íd.*, págs. 2-3. **En esa línea, argumentó que este Tribunal "con su silencio e inacción en el presente caso, […] est[aba] condonando los actos de parcialidad, mendacidad y corrupción judicial cometidos por la Jueza Ivelisse Domínguez Irizarry**". (Negrilla suplida). *Íd.*, pág. 3.

llevó en contra de su representada, la señora Alexander Meléndez.

En fin, el licenciado García Pérez adujo que el presente proceso disciplinario era uno inmeritorio, pues, a su juicio, había cumplido con su deber ético de denunciar los presuntos actos de corrupción judicial cometidos durante el procedimiento penal en el cual fungió como representante legal de la señora Alexander Meléndez. En virtud de ello, el referido letrado nos solicitó desistir del proceso disciplinario en su contra y que iniciáramos una investigación en contra de la Jueza Ivelisse Domínguez Irizarry y del Juez Alberto Pérez Ocasio por los presuntos actos de parcialidad, deshonestidad y corrupción judicial cometidos en el caso penal mencionado.

Es, precisamente, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que rigen las actuaciones de los miembros de la profesión legal. *In re Torres Rivera*, 2022 TSPR 107, 209 DPR ___ (2022); *In re Sánchez Pérez*, 2022 TSPR 98, 209 DPR ___ (2022); *In re Ocasio Bravo*, 2022 TSPR 97, 209 DPR ___ (2022). Tales normas tienen como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en

beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Torres Trinidad*, 2023 TSPR 3, 211 DPR ___ (2023); *In re Torres Rivera*, *supra*; *In re Ocasio Bravo*, *supra*.

En esa dirección, en reiteradas ocasiones hemos señalado que el incumplimiento con lo dispuesto en el mencionado ordenamiento deontológico puede acarrear la imposición de severas sanciones disciplinarias. *In re Espino Valcárcel*, 199 DPR 761, 766 (2018); *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re Pestaña Segovia*, 192 DPR 485, 493 (2015). En específico, esta Curia ha sentenciado que "[a]partarse de cumplir con los deberes que imponen la ley y el ordenamiento ético constituye una conducta que acarrea sanción disciplinaria". *In re Asencio Márquez*, 183 DPR 659, 664 (2011).

A tenor con lo anterior, y por ser en extremo pertinente para la correcta disposición del proceso disciplinario ante nuestra consideración, conviene señalar aquí que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., establece la conducta que los integrantes y las integrantes de la profesión legal deben observar ante los tribunales. *In re Torres Trinidad*, *supra*; *In re Torres Rivera*, *supra*; *In re Santiago Méndez*, 201 DPR 436, 442 (2018). En específico, la referida disposición deontológica requiere que el comportamiento de todos los abogados y las abogadas ante los tribunales,

> se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces [o las juezas] o contra el buen orden en

la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado [o la abogada] debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.

El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa. Canon 9 del Código de Ética Profesional, *supra*.

Sobre el particular, este Tribunal claramente ha establecido que el deber de respeto profundo que dispone el aludido Canon 9, *supra*, se manifiesta en las siguientes dos vertientes: "(1) el mandato de respetar las órdenes y directrices emitidas por los tribunales (respeto a la autoridad judicial), y (2) la obligación de respetar a los jueces, empleados y funcionarios del tribunal en sus comparecencias e interacciones con estos (respeto de carácter cívico)". *In re Sánchez Pérez*, *supra*, pág. 31. Véase, además, S. Steidel Figueroa, *Ética del abogado y responsabilidad disciplinaria*, San Juan, Ed. SITUM, 2016, pág. 371. Respecto a la última de estas vertientes, en múltiples ocasiones hemos sentenciado que los integrantes y las integrantes de la profesión legal, en el ejercicio de sus funciones, tienen el derecho y la responsabilidad de defender los intereses de sus clientes, pero sin mancillar la dignidad personal ni institucional de los miembros de la judicatura, como de ningún otro funcionario o persona. *In re Díaz Olivo I*, 203 DPR 517, 520 (2019); *In re Irizarry Rodríguez*, 193 DPR 633, 662 (2015); *In re Pagán*, 116 DPR 107, 111 (1985).

Es decir, aun en su faena de defender los derechos de sus clientes cuando discrepan de alguna determinación judicial, los abogados y las abogadas "no tienen una licencia absoluta en el uso del lenguaje". *In re Ortiz Sánchez*, 201 DPR 765, 779 (2019). Por ello, y como corolario del deber de preservar y promover la imagen de la justicia, el Canon 9 de Ética Profesional, *supra*, les ordena a éstos y éstas dirigirse al tribunal de forma respetuosa y decorosa. *In re Díaz Olivo I*, *supra*; *In re Ortiz Sánchez*, *supra*, pág. 778; *In re Markus*, 158 DPR 881, 884 (2003).

Precisa señalar, pues, que la deferencia exigida por el Canon 9, *supra*, no está limitada a la conducta y las expresiones del abogado o la abogada en sala. *In re Irizarry Rodríguez*, *supra*, pág. 661; *In re López Montalvo*, 173 DPR 193, 200 (2008); *In re Andréu Ribas*, 81 DPR 90, 120 (1959). Ésta incluye el lenguaje empleado por éste o ésta en los escritos judiciales. *Íd*.

Por tanto, hemos sentenciado que, atenta contra la solemnidad y el respeto que se le debe a los tribunales, el abogado o la abogada que mediante sus expresiones orales o escritas recurre al uso impropio, irrespetuoso y ofensivo del lenguaje, en lugar de emplear argumentos persuasivos. *In re Ortiz Sánchez*, *supra*, pág. 779; *In re Irizarry Rodríguez*, *supra*, pág. 662; *In re Crespo Enríquez*, 147 DPR 656, 663 (1999). Asimismo, no cumple con su obligación de mantener y promover la imagen de la justicia el integrante o la integrante de la profesión legal que hace serias imputaciones

sobre el proceder de un juez o de una jueza sin que las mismas estén avaladas por evidencia contundente e indubitada. *In re Pérez Soto*, 200 DPR 189, 201 (2018); *In re Irizarry Rodríguez*, *supra*, págs. 661-662; *In re Crespo Enríquez*, *supra*.

Al respecto, este Tribunal ha dispuesto que los integrantes y las integrantes de la profesión legal "no debe[n] traspasar los linderos de la verdad en el curso de su crítica, porque una crítica falsa, injustificada y viciosa obstaculiza la imparcial y recta administración de la justicia". *In re Pérez Soto*, *supra*, pág. 202. Por el contrario, un abogado o una abogada inconforme con una determinación judicial adversa, debe recurrir a las herramientas que el propio ordenamiento les provee para procurar la revisión de ese dictamen ante un tribunal de mayor jerarquía. *In re Díaz Olivo I*, *supra*; *In re Crespo Enríquez*, *supra*; *In re Pagán*, *supra*.

En ese sentido, "no justifica[remos] el lenguaje oral o escrito que pon[ga] en entredicho la honestidad y ecuanimidad de [un] juez [o jueza] […]". *In re Pérez Soto*, *supra*, pág. 202. En consecuencia, hemos dispuesto que "es censurable la conducta del abogado [o la abogada] que constantemente recurre al apuntamiento de que el tribunal actuó con prejuicio, pasión y parcialidad, sin sustanciarlo o sin motivos fundados para así creerlo". *Íd*.

Así pues, al amparo de las disposiciones del Canon 9 del Código de Ética Profesional, *supra*, hemos impuesto

sanciones disciplinarias a un abogado o a una abogada: 1) que hace imputaciones orales o escritas, sobre la comisión de hechos inmorales o ilegales, que no están respaldadas por evidencia competente, tendente a degradar la dignidad, honorabilidad e integridad de los tribunales y de sus funcionarios o que puedan debilitar la confianza pública en los mismos, y 2) que presenta mociones y escritos en los que formula acusaciones a los jueces, juezas o funcionarios del Poder Judicial, sin fundamentos, mediante el uso de lenguaje impropio y ofensivo, lo cual constituye una conducta lesiva a la dignidad del tribunal. *In re Cardona Álvarez*, 116 DPR 895, 906 (1986); *In re Padilla*, 87 DPR 236, 261 (1963); *In re Andréu Ribas*, *supra*.

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del presente proceso disciplinario.

III.

Como se puede colegir de los hechos antes expuestos, en la causa de epígrafe ha quedado claramente demostrado que el licenciado García Pérez, a través de ciertas expresiones vertidas en determinados escritos dirigidos al Tribunal, en donde realizó serias imputaciones en contra de varios miembros de la judicatura y del personal del Poder Judicial, infringió el Canon 9 del Código de Ética Profesional, *supra*.

Y es que, el licenciado García Pérez, a través de varios escritos dirigidos al tribunal, mediante el uso de lenguaje impropio, indecoroso y ofensivo, realizó una serie de

imputaciones **sin fundamento alguno** en contra del Juez Pérez Ocasio, de la Jueza Domínguez Irizarry, de los miembros de este Tribunal y de funcionarios del Departamento de Justicia. Tal conducta, a todas luces, atenta contra la solemnidad y el respeto que se le debe a los tribunales, por lo que no avalaremos la misma.

Recordemos que "[l]a búsqueda de la justicia no justifica medios reprobables". *In re Pagán*, *supra*, pág. 112. Hay espacio para diferir, pero con respeto. Ello, aquí, no ocurrió así.

En vista de lo anterior, y considerando que el referido letrado incurrió en una conducta crasamente lesiva a la dignidad y el honor del Tribunal, procede su suspensión inmediata del ejercicio de la abogacía y la notaría por un término de seis (6) meses.

## IV.

Por los fundamentos antes expuestos, se suspende inmediatamente por un término de seis (6) meses al licenciado García Pérez del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone a este último el deber de notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos, devolver tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista

de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del señor García Pérez y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor García Pérez queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor García Pérez personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Richard A. García Pérez          TS-21,132
                                 Ref. CC-2022-295

SENTENCIA

En San Juan, Puerto Rico, a 23 de marzo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente por un término de seis (6) meses al licenciado García Pérez del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone a este último el deber de notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos, devolver tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del señor García Pérez y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor García Pérez queda automáticamente cancelada. Dicha fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor García Pérez personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo