EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Iris M. González Ruiz | 2023 TSPR 49 <br><br> 211 DPR ___ |

Número del Caso: TS-20,283

Fecha: 20 de abril de 2023

Sra. Iris M. González Ruiz:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por craso incumplimiento con las órdenes del Tribunal.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: <br><br> Iris M. González Ruiz | TS-20,283 | *Conducta Profesional* |

**PER CURIAM**

En San Juan, Puerto Rico, a 20 de abril de 2023.

Nuestro ordenamiento ético-profesional le asigna un sitial preeminente al respeto que los abogados y abogadas deben observar para con los tribunales y sus dependencias, particularmente, en lo atinente a las órdenes y requerimientos que se emitan hacia sus personas. En el día de hoy, debemos ejercer nuestra jurisdicción disciplinaria sobre una abogada que incumplió el mandato reseñado. Por los fundamentos que expondremos a continuación, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Iris M. González Ruiz.

**I**

Surge del expediente que la Lcda. Iris M. González Ruiz (licenciada González Ruiz) fue admitida al ejercicio de la abogacía el 20 de febrero de 2015 y al notariado el 19 de marzo de 2015. Posteriormente, el 18 de diciembre de 2020, la licenciada González Ruiz presentó ante la Oficina de Inspección de Notarías (ODIN) una *Carta de Trámite de Cesación Voluntaria*. En virtud de esta, se le informó a la ODIN que la letrada estaría interesada en cesar como notaria por razón de unos viajes frecuentes

hacia Estados Unidos, por motivo de una enfermedad de su hijo.

Así las cosas, el 22 de diciembre de 2020, la ODIN llevó a cabo una inspección de la obra notarial de la licenciada González Ruiz y emitió unos señalamientos de falta correspondientes a los protocolos de los años 2015, 2016, 2017 y 2018, así como de su Registro de Testimonios. Luego, el 17 de junio de 2021, se llevó a cabo una segunda inspección tras la cual se aprobaron los protocolos de 2015 y 2016, además del Registro de Testimonios. No obstante, se señaló que en los protocolos de 2017 y 2018 restaban varios asuntos que debían ser ratificados por las partes.

Subsiguiente, a partir del 23 de septiembre de 2021, la ODIN remitió varios correos a la licenciada González Ruiz auscultando el estatus del proceso de subsanación.[1] No obstante, **no hubo éxito en estas gestiones**. Por ello, el 10 de mayo de 2022, el Lcdo. Manuel Ávila De Jesús, Director de la ODIN, le cursó a la letrada una *Notificación de Informe Final de Inspección*. En este escrito, se le instruyó que debería expresar su posición respecto a las deficiencias señaladas dentro de los quince (15) días

---

[1] Obran en el expediente varios correos electrónicos dirigidos a la licenciada González Ruiz, por parte de la Lcda. Teresa Trujillo Ortiz, Inspectora de Protocolos y Notarías, con las fechas siguientes: 23 de septiembre de 2021, 7 de octubre de 2021, 15 de diciembre de 2021 y 11 de febrero de 2022. La única respuesta recibida fue al correo del 7 de octubre de 2021.

posteriores a la notificación y que, de incumplir, se referiría el asunto ante este Tribunal.

Así las cosas, la ODIN presentó ante nos un *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios*. En lo atinente, expuso que la licenciada González Ruiz no respondió a la comunicación que le fue cursada y, por tanto, **incumplió con el término que le fue conferido**.

De este modo, la ODIN nos solicitó que emitiéramos una *Resolución* concediéndole a la licenciada González Ruiz un término final de treinta (30) días para que atendiera el proceso de deficiencias notariales, al igual que el procedimiento de cesación voluntaria. Por otra parte, pidió que le concediéramos a la letrada un término de diez (10) días para que expusiera las razones por las cuales no debiese ser suspendida del ejercicio de la notaría.

Tras atender la solicitud de la ODIN, el 13 de diciembre de 2022 emitimos una *Resolución* en la cual acogimos el petitorio en su totalidad. No obstante, transcurrido el término, **la licenciada González Ruiz no compareció**. Por ello, la ODIN nos solicitó que tomáramos conocimiento de este incumplimiento, procediéramos a suspender a la licenciada González Ruiz del ejercicio de la notaría y evaluáramos la imposición de sanciones mayores, incluyendo la suspensión de la abogacía. Por estas razones, el 24 de febrero de 2023, emitimos otra

*Resolución* en la cual le concedimos a la letrada un término de veinte (20) días para que mostrara causa por la cual no debiéramos suspenderla del ejercicio de la abogacía y la notaría.

Posteriormente, transcurridos los veinte (20) días dispuestos, la ODIN compareció para reiterar el incumplimiento de la licenciada González Ruiz y para solicitar, además, que la refiriéramos al Tribunal de Primera Instancia para el correspondiente proceso de desacato civil. Por su parte, la licenciada González Ruiz compareció mediante una *Moción* y nos solicitó un término adicional de sesenta (60) días para completar las subsanaciones requeridas. En particular, alegó que se ha encontrado sumida en una profunda depresión y que sufrió la muerte de su madre el 9 de octubre de 2022.

Expuesto el asunto ante nosotros, procedemos a resolver.

## II

El Canon 9 del Código de Ética Profesional exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[2] De allí surge la obligación que tienen los abogados y abogadas de responder oportuna y diligentemente a los requerimientos de este Tribunal.[3] Por ende, hemos resuelto

---

[2] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.
[3] *In re: Alers Morales*, 204 DPR 515, 519 (2020).

reiteradamente que la desatención a nuestra órdenes acarrea la suspensión del ejercicio de la profesión.[4] Por tal razón, si luego de proveerle un término a un abogado para que muestre causa por la cual no deba ser suspendido, este incumple con nuestro mandato, procede que sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría.[5]

Vale mencionar, que **la obligación que surge del Canon 9 se extiende igualmente a las exigencias que pueda hacer la ODIN**.[6] Por tanto, un abogado o abogado que desatiende las órdenes de este Tribunal, al igual que los requerimientos de la ODIN, viola el Canon 9.[7] Por tanto, los notarios, tienen el deber de subsanar con premura toda falta señalada por la ODIN.[8]

### III

La conducta desplegada por la licenciada González Ruiz evidencia un reiterado patrón de incumplimientos con las órdenes de este Tribunal y de la ODIN. Por espacio de más de dos (2) años la letrada ha fracasado en la encomienda de subsanar oportunamente su obra protocolar. Ante ello, la ODIN se vio precisada a recurrir ante este Foro para que ejerzamos nuestra jurisdicción disciplinaria sobre esta abogada y notaria.

---

[4] *Íb.*
[5] *In re Amiama Laguardia*, 196 DPR 844, 847 (2016).
[6] *In re Alers Morales*, *supra*, pág. 519.
[7] *Íb.*
[8] *In re Amiama Laguardia*, *supra*, pág. 847.

En atención a ello, tras examinar integralmente el expediente ante nos, concluimos que la licenciada González Ruiz no ha demostrado la diligencia y compromiso necesario para encaminar y finalizar la subsanación de su obra notarial. Lo que es peor, durante el proceso que siguió a la cesación voluntaria que esta radicó, **la licenciada González Ruiz ha ignorado repetidamente una multiplicidad de requerimientos cursados por la ODIN**, al igual que las órdenes que le hemos emitido para que muestre causa por la cual no deba ser sometida a una suspensión de la abogacía y la notaría.

Si bien la licenciada González Ruiz nos pide que ahora le concedamos una extensión adicional para completar la subsanación protocolar, no encontramos evidencia alguna de que esta fuera a completar la gestión ordenada en el futuro cercano. Esto, pues surge incontrovertidamente que la letrada objeto de esta determinación ni siquiera vive en Puerto Rico.

Como mínimo, desde mayo de 2022, la licenciada González Ruiz se encuentra radicada en el Estado de la Florida. Esto, sin que obrara conocimiento de ello en los archivos de este Tribunal. Dicha conducta resultó en que nuestra más reciente *Resolución* le tuviera que ser notificada por correo certificado, toda vez que las direcciones físicas y electrónicas que obran en el Registro Único de Abogados no están al día. De paso, otro

incumplimiento de por sí con las exigencias ético-profesionales que tenía esta abogada.

La conducta que ha desplegado la señora González Ruiz no se ajusta a los altos estándares de rectitud y diligencia que rigen la profesión de la abogacía. Por tales razones, venimos obligados a separarla de este oficio y, consecuentemente, **decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Iris M. González Ruiz.**

## IV

Por los fundamentos previamente expuestos en esta *Opinión Per Curiam*, se decreta la suspensión inmediata e indefinida de la Lcda. Iris M. González Ruiz del ejercicio de la abogacía y la notaría, por su craso incumplimiento con las órdenes de este Tribunal.

Se le impone a la letrada la obligación de informar inmediatamente a sus clientes y a los foros en los cuales litiga de su inhabilidad para continuar ejerciendo la profesión y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notifico de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

De conformidad con la ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así se garantizan las funciones notariales de la notaria y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por la fiada durante el periodo en que estuvo vigente.

Se le apercibe a la señora González Ruiz que deberá contratar un notario y completar la subsanación ordenada a su costo. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Se le ordena a la Secretaría de este Tribunal a que gestione la notificación de esta *Opinión Per Curiam* y *Sentencia* mediante correo certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| Iris M. González Ruiz | TS-20,283 | *Conducta Profesional* |

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de abril de 2023.

Por los fundamentos previamente expuestos en la *Opinión Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida de la Lcda. Iris M. González Ruiz del ejercicio de la abogacía y la notaría, por su craso incumplimiento con las órdenes de este Tribunal.

La letrada deberá informar inmediatamente a sus clientes y a los foros en los cuales litiga de su inhabilidad para continuar ejerciendo la profesión y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notifico de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

De conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq.*, se da por terminada la última fianza otorgada. Así se garantizan las funciones notariales de la notaria y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por la fiada durante el periodo en que estuvo vigente.

Se le apercibe a la señora González Ruiz que deberá contratar un notario y completar la subsanación ordenada a su costo. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Notifíquese la *Opinión Per Curiam* y *Sentencia* a la señora González Ruiz mediante correo certificado con acuse de recibo.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo