EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Azahary de las Nieves Wilamo Guzmán<br>(TS-18,001) | 2023 TSPR 61<br><br>211 DPR ___ |

Número del Caso: AB-2022-0208

Fecha: 4 de mayo de 2023

Abogada de la parte promovida:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por quebrantar el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Azahary de las Nieves Wilamo        AB-2022-0208
Guzmán
     (TS-18,001)

PER CURIAM

En San Juan, Puerto Rico, a 4 de mayo de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica por su asiduo incumplimiento de nuestras órdenes. En esta ocasión, concluimos que la Lcda. Azahary de las Nieves Wilamo Guzmán quebrantó el Canon 9 del Código de Ética Profesional, infra. Por consiguiente, ordenamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

I

La Lcda. Azahary de las Nieves Wilamo Guzmán fue admitida al ejercicio de la abogacía el 17 de agosto de 2010 y prestó juramento como notaria el 21 de diciembre de 2011.

El 27 de septiembre de 2022, la Sra. Cathy Fontánez Marrero presentó una queja contra la licenciada Wilamo Guzmán por alegado incumplimiento con su deber de emitir copias certificadas de las escrituras suscritas ante sí. En suma, relató que desde el 28 de febrero de 2022 le ha solicitado a la notaria que le entregue una copia certificada sobre cierta escritura de Testamento Abierto otorgada ante ella. Indicó, sin embargo, que la letrada no le ha entregado la referida escritura, a pesar de que se comprometió a ello.

Examinada la queja, el 17 de octubre de 2022 concedimos a la licenciada Wilamo Guzmán un término de diez días para que presentara su contestación. Particularmente, en la comunicación se le apercibió que de no comparecer en ese término la queja se referiría al Tribunal en Pleno para la acción correspondiente, que podría incluir la imposición de sanciones severas, así como la suspensión de la profesión legal.

Sin embargo, la togada no compareció dentro del término requerido. Por esa razón, el 16 de noviembre de 2022 emitimos una segunda notificación en la que concedimos un término adicional de diez días para que expresara su contestación. Nuevamente le recordamos que de no comparecer, la queja se referiría al Tribunal en Pleno para la acción correspondiente, que podría incluir la imposición de sanciones severas, incluyendo la suspensión de la profesión legal. Aun así, el término volvió a transcurrir sin la comparecencia de la letrada.

Por esta razón, el 22 de diciembre de 2022, mediante Resolución, concedimos a la licenciada Wilamo Guzmán un término de diez días para que mostrara causa por la cual no debíamos suspenderla del ejercicio de la profesión de la abogacía por incumplir nuestras órdenes. Los diez días vencieron y la togada no compareció por tercera ocasión.

Ante la reiterada inacción de la licenciada Wilamo Guzmán, el 20 de enero de 2023 le ordenamos que, en un término final de diez días, mostrara causa por la que no debíamos suspenderla de la práctica de la profesión legal, por incumplir nuestras órdenes.

Transcurrido el término, el 21 de febrero de 2023 la licenciada Wilamo Guzmán presentó una breve moción por medio de la cual se limitó a solicitar una prórroga de treinta (30) días para contestar la queja. En consideración a su moción, el 10 de marzo de 2023 le concedimos un término adicional de veinte días para que contestara la queja. Del mismo modo, le apercibimos de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión legal. De nuevo, el término venció sin que la letrada compareciera.

Por último, el 31 de marzo de 2023 la señora Fontánez Marrero compareció nuevamente ante esta Curia para indicar que aún la abogada no ha cumplido con su deber de entregar la copia certificada solicitada y que todavía ignora sus llamadas, textos y encuentros.

A pesar de que todas nuestras resoluciones y requerimientos fueron notificados a la licenciada Wilamo Guzmán a su dirección de correo electrónico consignada en el Registro Único de Abogados y Abogadas (RUA), al día de hoy la letrada no ha cumplido nuestras órdenes.

II

El Código de Ética Profesional recoge las normas mínimas de conducta que rigen las actuaciones de los miembros de la clase togada en nuestra jurisdicción. In re García Pérez, 2023 TSPR 36, 211 DPR __ (2023); In re Sepúlveda Valentín, 2023 TSPR 20, 211 DPR __ (2023). En concreto, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, establece que los abogados deben observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. In re Torres Trinidad, 2023 TSPR 3, 211 DPR __ (2023). In re Malavé León, 2023 TSPR 54, 211 DPR __ (2023); In re González Ruiz, 2023 TSPR 49, 211 DPR __ (2023).

Conforme a esto, hemos sido enfáticos al señalar el deber ineludible que tiene todo abogado de cumplir con prontitud y celeridad los mandatos del Tribunal, en especial cuando se trata de procesos disciplinarios. In re Colón Olivo, 2023 TSPR 2, 211 DPR __ (2023); In re Maldonado Trinidad, 209 DPR __ (2022). "[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la

profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017).

Hemos sido firmes al recalcar que la desatención reiterada a nuestras órdenes constituye una afrenta a la autoridad de los tribunales y, a su vez, acarrea una transgresión del Canon 9 de Ética Profesional, supra, que no puede ser tomada de forma liviana. In re Rodríguez Olmeda, 2022 TSPR 29, __ DPR __ (2022); In re Corretjer Roses, 2022 TSPR 28, __ DPR __ (2022). Así pues, asumir una actitud de indiferencia y menosprecio hacia nuestros apercibimientos configura causa más que suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía y notaría. In re Torres Trinidad, supra; In re Ocasio Bravo, 2022 TSPR 97, 209 DPR __ (2022); In re Joubert Lugo, 2022 TSPR 75, 209 DPR __ (2022).

### III

Los hechos reseñados revelan que la licenciada Wilamo Guzmán exhibió un patrón de falta de respeto y desidia de cara a nuestras órdenes. La letrada no contestó la queja instada en su contra, aun cuando en varias ocasiones se le apercibió que, de no comparecer, el Tribunal en Pleno podría imponerle sanciones disciplinarias severas tales como la suspensión del ejercicio de la profesión legal. Ni siquiera en su breve comparecencia expuso causa alguna que militara en contra de su suspensión de la profesión legal. Tras su moción, en claro menosprecio a nuestra autoridad y pese a que le concedimos el término adicional solicitado, tampoco

acató nuestras órdenes. En fin, la abogada desatendió nuestros requerimientos en más de cuatro ocasiones y temerariamente hizo caso omiso de los apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

No cabe duda de que la conducta de la licenciada Wilamo Guzmán quebrantó los postulados del Canon 9 del Código de Ética Profesional, supra. Su reiterado incumplimiento denota indisciplina, displicencia y renuencia hacia nuestra potestad disciplinaria. Ante esta situación, nos vemos en la obligación de suspenderla inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Azahary de las Nieves Wilamo Guzmán. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de

treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial de la Sra. Azahary de las Nieves Wilamo Guzmán y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Wilamo Guzmán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Azahary de las Nieves Wilamo Guzmán

(TS-18,001)

AB-2022-0208

SENTENCIA

En San Juan, Puerto Rico, a 4 de mayo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Azahary de las Nieves Wilamo Guzmán. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial de la Sra. Azahary de las Nieves Wilamo Guzmán y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial

queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Wilamo Guzmán por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo